# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MEREDITH SLEEMAN, EDWARD
SLEEMAN,

      Plaintiffs,

      v.                                  Case No.:  6:26-cv-00206-PGB-LHP

TRUIST BANK, A FOR PROFIT
CORPORATION;

      Defendant,

---

## ORDER
### (And Direction to Clerk)

Before the Court is Plaintiffs' Motion for Efiling Access to Pacer and to Waive Pacer Fees.  Doc. No. 24.  The motion is unopposed.  *Id.* at 3, 5.  Despite its unopposed status, the motion will be **DENIED without prejudice**.

First, the motion again fails to provide a memorandum of legal authority as required by Local Rule 3.01(b).  *See also* Doc. No. 18.  Second, the motion does not establish the "exceptional circumstances" that would make a fee-exempt PACER account appropriate at this time.  *See generally Vargas v. Comm'r of Soc. Sec.*, No. 8:26-cv-00053-TPB-AAS, 2026 WL 641381, at *1 (M.D. Fla. Mar. 6, 2026) ("[PACER u]ser fees should not be waived in the absence of exceptional circumstances."); *Rouzard v. U-Haul Int'l, Inc.*, No. 6:24-cv-2233-CEM-DCI, 2025 WL 1918903, at *1 (M.D. Fla.

July 10, 2025) ("To be eligible for an exemption from PACER user fees, the requesting party must show that an exemption is necessary in order to: (1) avoid unreasonable burden; and (2) promote public access to information. Exemptions from user fees should be granted as the exception, not the rule. . . ." (citations and quotation marks omitted); *see also* 28 U.S.C. § 1914 (Judicial Conference Policy Notes).

That said, the crux of Plaintiffs' motion is that they do not wish to pay per-page fees for access to Court documents, stating an inability to pay. Doc. No. 24.[1] But this concern can be at least partially ameliorated by providing Plaintiffs access to electronic notifications for Court documents, which, in its discretion, the Court may allow. *See, e.g.*, *Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023 ("[T]he Court in its discretion may grant a *pro se* party permission to receive electronic notifications."); *see also Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *1 (allowing delivery of court documents on pro se party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same). Therefore, the Clerk of Court is **DIRECTED** to add Plaintiffs'

---

[1] The Court notes that the motion does not request access to e-filing via CM/ECF, as it suggests that such motion will be filed separately. *See* Doc. No. 24, at 2, 5.

email address, ddandted@gmail.com, to CM/ECF and ensure that Plaintiffs receive Notices of Electronic Filings.

Plaintiffs are cautioned that although they proceed *pro se*, all filings in this matter must comply with the Federal Rules of Civil Procedure, Local Rules of this Court, and Court Orders. *See Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989) (A *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties